Robert **BURTON,** Petitioner—
Appellant,

v.

Les **BLANKS,** Warden, Respondent—
Appellee.

No. 05–16338.

United States Court of Appeals,
Ninth Circuit.

Submitted July 26, 2006.\*

Decided Aug. 11, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Josh A. Cohen, Esq., Federal Public Defender's Office, San Francisco, CA, for Petitioner–Appellant.

Morris Beatus, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HUG, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

Robert Burton ("Burton") appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. In 2000, a California jury convicted Burton of four counts of selling cocaine in violation of section 11352 of the California Health and Safety Code. In his petition, Burton asserts that trial counsel rendered ineffective assistance by failing to request a formal investigation of alleged juror misconduct. The district court rejected Burton's ineffective assistance of counsel ("IAC") claim. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.[1]

We look to the opinion of the California Court of Appeal on direct appeal as the "last reasoned decision of the state court as the basis of the state court's judgment." *Franklin v. Johnson,* 290 F.3d 1223, 1233 n. 3 (9th Cir.2002). Under 28 U.S.C. § 2254(d), we may grant habeas relief only if the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See also Yarborough v. Gentry,* 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003).

On the second day of trial, out of the presence of the jury, the trial court informed the parties that two jurors had approached the judge requesting increased courtroom security in response to the presence of two spectators in the audience who appeared to be intimidating the government's key witness. Neither the trial court nor Burton's trial counsel initiated further investigation into possible juror misconduct. The district court determined that, in failing to request that the trial court further investigate the possibility of juror misconduct, trial counsel's assistance was constitutionally deficient, but ordered an evidentiary hearing to evaluate prejudice. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We review *de novo* the district court's denial of a claim of IAC on federal habeas review, *Tinsley v. Borg,* 895 F.2d 520, 531 (9th Cir. 1990), and for clear error any relevant factual findings made by the district court. *See Luna v. Cambra,* 306 F.3d 954, 959 (9th Cir.2002), *as amended,* 311 F.3d 928 (9th Cir.2002). We may affirm the district court's denial of Burton's petition "on any ground supported by the record, even if it differs from the rationale of the district court." *Weaver v. Thompson,* 197 F.3d 359, 362 (9th Cir.1999).

674 (1984). At the evidentiary hearing, a magistrate judge heard testimony from three jurors and Burton's trial counsel. The magistrate judge recommended that the district court conclude that trial counsel's representation was not constitutionally deficient and that Burton suffered no prejudice as a result of the alleged juror misconduct. The district court adopted the magistrate judge's recommendations in full.

We affirm the denial of Burton's habeas petition. The record reveals that, under the *Strickland* prejudice standard, even if trial counsel had breached her duties by failing to move for a formal investigation into allegations of juror misconduct, and even if the motion had been granted, further investigation would not have demonstrated a reasonable probability that there would have been an outcome more favorable to Burton. *See Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir.1999).

In light of the overwhelming evidence of guilt, even if counsel's performance was deficient, it was not reasonably probable that there would have been an outcome more favorable to Burton had the alleged error not occurred. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

**AFFIRMED.**